IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JERRY W. CARROLL,                          )
                                           )
        Plaintiff,                         )
                                           )
        v.                                 )        No. 3:13-cv-00152
                                           )
DR. PELMORE, TONYA TAYLOR,                 )        Judge Sharp
CONNIE BLANTON, WARDEN LEIBACH,[1]         )
DR. CHERRY, and CCA, INC.                  )
                                           )
        Defendants.                        )


<u>MEMORANDUM OPINION</u>

        Plaintiff Jerry Carroll is presently incarcerated at the Metro-Davidson County Detention Facility

("Detention Facility"), operated by CCA, in Nashville, Tennessee.  He brings this *pro se* action under 42

U.S.C. § 1983 for alleged violations of his constitutional rights.  (ECF No. 1.)  Because the plaintiff

proceeds *in forma pauperis*, and because he is a prisoner who sues government officials, the complaint is

before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

I.      STANDARD OF REVIEW

        28 U.S.C. § 1915(e)(2) requires initial review of any complaint filed *in forma pauperis*, and

dismissal of the complaint or any portion thereof that is frivolous or malicious, fails to state a claim on

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Section 1915A likewise requires review, as soon as feasible after docketing, of a "complaint in a civil

action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity," *id.* § 1915A(a), and requires the district court, upon conducting this review, to

"identify cognizable claims" and to dismiss the complaint or any portion thereof on the same grounds as

stated in § 1915(e)(2).  *Id.* § 1915A(b).  The Sixth Circuit has confirmed that the dismissal standard

articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes

---

[1] The plaintiff variously spells the warden's name "Lelibach" and "Lelilbach."  (Compare Complaint, ECF No. 1, at 1, case caption, and Complaint 4, Preliminary Statement caption.)  The Court takes judicial notice that the Warden of the Metro-Davidson County Detention Facility is Blair Leibach.

because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In conducting the initial review, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.    FACTUAL ALLEGATIONS

Carroll names the following as defendants in this action: Dr. Pelmore, CCA Medical Doctor; Tonya Taylor, CCA Health Director; Connie Blanton, Health Administrator; Warden Leibach; Corrections Corporation of America; and Dr. Cherry, CCA Regional Medical Director. The plaintiff sues the defendants in their individual and official capacity. The plaintiff seeks damages and injunctive relief under 42 U.S.C. § 1983 based on the defendants' deliberate indifference to his serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

In support of his claims, the plaintiff alleges that he was diagnosed with hepatitis C in 1985. In February 2012, his infectious-disease specialist at Meharry Wellness Center, Dr. Vladimir Berthaud, prescribed treatment with Interferon. Around the same time, the plaintiff was arrested for probation violation. He was taken into custody and, approximately a month later, was sent to the Detention Facility. Although the complaint is unclear regarding the timing of events, the documentation attached to the complaint clarifies that the plaintiff had not yet begun treatment with Interferon when he was picked up for probation violation.

A few days after he arrived at the Detention Facility, on or around April 4, 2012, the plaintiff was evaluated by Dr. Pelmore. At that time, the plaintiff told Dr. Pelmore that he had hepatitis C, that Dr. Berthaud was treating him for the condition and had prescribed Interferon, and that he had also been taking pain medication under Dr. Berthaud's direction, to manage pain from his hepatitis C. The plaintiff provided information to Dr. Pelmore and the medical staff at the Detention Center so they could obtain his medical and pharmacy records.

Dr. Pelmore ordered lab work for the plaintiff. However, Dr. Pelmore is not a liver or infectious-disease specialist. Dr. Pelmore refused to prescribe pain medication or Interferon, and refused to refer the plaintiff for treatment by an outside specialist. The plaintiff alleges that for the next sixth months he was frequently in severe, incapacitating pain resulting from the hepatitis C.

The plaintiff filed an informal grievance related to Dr. Pelmore's treatment of him, which was answered by Connie Blanton. Blanton provided the plaintiff with verbal instructions regarding liver function and pain medication, and likewise refused to order pain medication or Interferon treatment.

The plaintiff appealed Blanton's decision to CCA Health Director, Tonya Taylor. Taylor responded by saying that the plaintiff could not take Ibuprofen or Tylenol because of his liver condition, and that the pain medications that were medically appropriate for him were not on the CCA pharmacy list, so the plaintiff would "have to do the best he could with the pain." (ECF No. 1, at 8.) She also refused to refer the plaintiff to a specialist for treatment of his hepatitis C.

The plaintiff filed a grievance appeal related to Taylor's decision. Warden Leibach denied the appeal, stating: "appropriate medical treatment is being administered." (ECF No. 1, at 7, 15.)

Allegedly as a result of not receiving appropriate treatment, the plaintiff's viral load doubled between April and October 2012. After becoming aware of this progression, Dr. Pelmore still continued to refuse treatment or pain medication.

In November 2012, the plaintiff was seen by Nurse Baker, who submitted an emergency referral request because of the increase in his viral load. She also provided Naproxen for the plaintiff's pain. The plaintiff submits that both Taylor (a nurse) and Dr. Pelmore should have known that they could prescribe Naproxen for the treatment of pain associated with Hepatitis C.

Nurse Baker submitted a referral request to Dr. Cherry, CCA Regional Medical Director. After

several months of delay, Dr. Cherry finally denied the referral request. The plaintiff appealed Dr. Cherry's decision to the Warden. The plaintiff complains that several of his grievances have never been answered.

Based on these factual allegations, the plaintiff asserts that all the defendants have been deliberately indifferent to his serious medical needs, and that CCA's failure to monitor its employees and failure to insure that competent medical practitioners work at its facility renders it liable for its employees' deliberate indifference to the plaintiff's serious medical needs.

The plaintiff seeks a preliminary injunction directing the defendants immediately to refer the plaintiff to a qualified expert and to carry out without delay the treatment directed by such medical expert. He also seeks an injunction directing CCA to allow all inmates who suffer from hepatitis C, AIDS, HIV or other infectious diseases be seen by medical practitioners with expertise in the relevant arena, and to develop and implement policies and procedures governing the treatment of inmates' infectious diseases. The plaintiff also seeks compensatory and punitive damages.

### III. ANALYSIS AND DISCUSSION

The plaintiff seeks to bring claims under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *West v. Atkins*, 487 U.S. 42, 48 (1988). Both parts of this two-part test must be satisfied to support a claim under § 1983. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

CCA, a private entity performing a government function, and the individuals with whom CCA contracts to provide medical services to inmates at CCA-operated prisons, may be deemed state actors for purposes of § 1983 claims against them. *See Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996) (holding that private corporation involved in the control and custody of prison inmates performs a traditional state function and acts as a person operating under the color of state law for purposes of liability under 42 U.S.C. § 1983). The question before the Court is whether the plaintiff has adequately alleged facts supporting his claims that each of these defendants deprived him of a right guaranteed by the United States Constitution.

**A. The Claims Against the Medical Practitioners**

As an initial matter, the Court notes that the claims against Taylor and Blanton are, at least in part, premised upon these defendants' denial of the plaintiff's grievances. Under Sixth Circuit precedent, "[t]he denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The Court, however, construes the claims against Taylor and Blanton as premised upon their own review of the plaintiff's medical symptoms and refusal either to provide pain medication or to refer the plaintiff for treatment of his hepatitis C by a specialist, and not based merely on their denial of the plaintiff's grievances. The claims against Drs. Pelmore and Cherry are likewise based on these practitioners' affirmative refusal to provide treatment for the plaintiff's hepatitis C.

In order to state an Eighth Amendment violation, a prisoner must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate-indifference requirement is satisfied when an official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (citing *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004). "The failure to address a serious medical need rises to the level of a constitutional violation where both objective and subjective requirements are met." *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008). "The objective component requires an inmate to show that the alleged deprivation is 'sufficiently serious'" and "'that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer*, 511 U.S. at 834). "To satisfy the subjective component, an inmate must show that prison officials had 'a sufficiently culpable state of mind.'" *Id.* An Eighth Amendment claim may be premised on deliberate indifference to exposing an inmate to an unreasonable risk of serious harm in the future as well. *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

While the law is clear that the mere existence of a hepatitis C infection is not necessarily a

"serious medical need" warranting treatment, such that the failure to provide treatment automatically violates the Eighth Amendment, *see Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 357 n.1 (6th Cir. 2006) (recognizing that "hepatitis C does not require treatment in all cases"), the plaintiff's allegations in his complaint are, for purposes of the Court's initial screening, sufficient to state colorable claims against Pelmore, Taylor, Blanton, and Cherry under § 1983. The plaintiff alleges that at the time he arrived at the Detention Facility, he had already been diagnosed with hepatitis C and an infectious-disease specialist had determined that the condition mandated treatment. The plaintiff also alleges that the delay in treatment has caused an exacerbation of his condition, and suggests that the continued failure to treat poses a substantial risk of serious harm. Based on these allegations, the Court finds that the plaintiff states colorable claims against these defendants.

### B.      The Claim Against CCA

The plaintiff purports to sue the individual defendants in their official as well as their individual capacity, and also names CCA as a defendant. The official-capacity claims are equivalent to, and redundant of, the claims against CCA directly. *Von Herbert v. City of St. Clair Shores*, 61 F. App'x 33, 140 n.4 (6th Cir. 2003). The same analysis applies to both.

CCA cannot be held liable under § 1983 based on a *respondeat superior* theory, that is, based on allegations that its employees acted in violation of the plaintiff's constitutional rights. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995). Instead, a plaintiff seeking to impose liability on an entity like CCA under § 1983 "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation of [the plaintiff's] rights." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 522, 627 (6th Cir. 2011) (citing *Miller v. Sanilac*, 606 F.3d 240, 254–55 (6th Cir. 2010)).

In the present case, the plaintiff alleges that Dr. Cherry is CCA's medical director and that he is charged with implementing and enforcing CCA's treatment policies. The plaintiff also suggests that the other defendants' denial of his claim for relief is based on CCA policy, as implemented by Dr. Cherry. The Court finds for purposes of the initial review that the plaintiff has alleged facts from which it might be inferred that the denial or delay in care is attributable to a CCA policy regarding the treatment of prisoners

with hepatitis C.

However, insofar as the plaintiff seeks an injunction against CCA on behalf of all inmates at CCA prisons with chronic or infectious diseases, the plaintiff lacks standing to seek injunctive relief on behalf of other inmates. His claims will therefore be construed as limited to the alleged violations of his own constitutional rights. *Cf. Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (holding that *pro se* prisoners generally may not bring class action lawsuits concerning prison conditions, and that, in the absence of a request for class certification, the plaintiff challenging a state department of correction's hepatitis C testing and treatment policy lacked standing to seek injunctive relief on behalf of other prisoners (citing *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989)).

### C. The Claim Against Warden Leibach

The claim against Warden Leibach in his individual capacity is premised solely on the fact that Warden Leibach affirmed the denial of the plaintiff's grievances, which, as set forth above, is insufficient to establish liability under § 1983. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008). The claim against Warden Leibach individually will be dismissed under 28 U.S.C. §§ 1915 and 1915A for failure to state a claim. The official-capacity claim against Warden Leibach will be dismissed on the basis that it is redundant of the claim against CCA and the official-capacity claims against the remaining defendants.

## IV. CONCLUSION

For the reasons set forth herein, in conducting the initial review required by statute, the Court finds that the complaint states colorable claims under § 1983 against defendants Pelmore, Taylor, Blanton, Cherry, and CCA. The claims against these defendants will, for now, be permitted to proceed. The plaintiff's § 1983 claims against Warden Blair Leibach in his individual capacity will be dismissed for failure to state a claim for which relief may be granted. The claim against the Warden in his official capacity will be dismissed without prejudice as redundant of the claim against CCA.

An appropriate order is filed herewith.

Kevin H. Sharp
United States District Judge