```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION

JERRY W. CARROLL,                 )
                                  )
         Plaintiff                )
                                  )       No. 3:13-0152
v.                                )       Judge Sharp/Brown
                                  )       **Jury Demand**
DR. PELMORE; TONYA TAYLOR;        )
CONNIE BLANTON; DR. CHERRY;       )
and CCA, INC.,                    )
                                  )
         Defendants               )
```

## **O R D E R**

A case management conference was held in this matter on September 9, 2013. As requested by the Magistrate Judge, the Defendants submitted a new proposed case management order (Docket Entry 113). The Defendants pointed out that the Plaintiff had failed to make the initial disclosures required in the original scheduling order (Docket Entry 82).

After considering the matter further the Magistrate Judge believes that he should not have imposed on the Plaintiff a requirement to make additional disclosures under Rule 26 as he is proceeding *pro se* as a prisoner. Accordingly, the Magistrate Judge will strike the requirement for the Plaintiff to provide initial disclosures under Rule 26.

The Defendants may propound additional interrogatories and requests for production in lieu of such disclosures.

The Magistrate Judge discussed with the Plaintiff the fact that he had been unable to provide a better address for the remaining Defendant who has not yet been served, Ms. Blanton.

Plaintiff advised that his family thought they had located Ms. Blanton's previous address in Tennessee and that they further thought she had moved to Kentucky to be with a sick relative. He stated that his family was attempting to get a forwarding address from the post office.

If the Plaintiff can provide a better address the Magistrate Judge will direct service of process by the United States Marshals Service. The Plaintiff advised that if he could not get a better address he would move to dismiss Ms. Blanton from this case.

All of the Defendants who have been served have filed a motion for summary judgment. In accordance with the scheduling order (Docket Entry 82) the Plaintiff has 28 days to respond. The Plaintiff stated that he might need some additional time for discovery. The Magistrate Judge read to the Plaintiff Federal Rule of Civil Procedure 56(d) which sets forth the procedure for requesting additional time for discovery.

The Plaintiff further stated that he believed he was missing some medical records, particularly concerning an initial denial for a referral to an infectious disease specialist. Counsel for the Defendants stated they believed that they provided all the records they had. The Plaintiff should write counsel for the Defendants a letter stating specifically what he believes is missing, and if he is not satisfied with the response, he may file a motion to compel.

The Plaintiff also stated that he would, in all likelihood, file a new motion for appointment of counsel. Plaintiff is certainly free to do so, but he is reminded that appointment of counsel in civil cases is only done in extraordinary circumstances.

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge