```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF TENNESSEE
                   NASHVILLE DIVISION
```

JERRY W. CARROLL,              )
                               )
        Plaintiff              )
                               )          No. 3:13-0152
v.                             )          Judge Sharp/Brown
                               )          **Jury Demand**
DR. PELMOME; TONYA TAYLOR;     )
CONNIE BLANTON; DR. CHERRY;    )
and CCA, INC.,                 )
                               )
        Defendants             )

**TO: THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that the complaint against Defendant Connie Blanton be dismissed without prejudice for failure to obtain service of process within 120 days as required by Rule 4(m) of the Federal Rules of Civil Procedure, and to obey court orders concerning service of process (Docket Entry 105).

The Plaintiff filed his 97-page complaint against a number of Defendants, including Connie Blanton, on February 19, 2013 (Docket Entry 1).

The complaint was reviewed by the District Judge and service of process was allowed on March 1, 2013, as to Defendants Pelmome, Taylor, Blanton, Cherry and CCA (Docket Entry 8). At the request of the Plaintiff (Docket Entry 14) the Magistrate Judge directed CCA to provide the last known address of the Defendant Connie Blanton (Docket Entry 17). This address was provided on April 25, 2013 (Docket Entry 26), and service of process was

directed. Unfortunately, the summons to the last known address of Defendant Blanton was returned unexecuted inasmuch as it was not deliverable on May 14, 2013 (Docket Entry 33). Subsequently, the Magistrate Judge requested additional information from CCA concerning the last known address for Blanton and was again advised that the address they had provided previously was the last one they had for Defendant Blanton (Docket Entry 94).

Subsequently, on July 26, 2013 (Docket Entry 105) the Magistrate Judge gave the Plaintiff 60 days to provide a better address for Ms. Blanton and cautioned him that the Magistrate Judge would recommend that the complaint against Ms. Blanton be dismissed for failure to obtain service of process.

As of the date of this order the Plaintiff has not provided any additional information concerning an address for Defendant Blanton, nor has the Plaintiff requested any further extension of time in which to serve her.

**LEGAL DISCUSSION**

Rule 4(m) is clear that service of process must be obtained within 120 days unless the Plaintiff has shown good cause for the failure to serve. The rule provides that after notice to the Plaintiff the court must dismiss the action without prejudice in the absence of additional time granted by the court upon a showing of good cause by the Plaintiff for the failure to serve. In this case the Plaintiff was given notice that there would be a recommendation to dismiss unless he could provide additional

2

Case 3:13-cv-00152   Document 137   Filed 11/26/13   Page 2 of 3 PageID #: 1119

information within 60 days. As of the date of this order the Plaintiff has neither provided the additional information nor requested additional time for service.

Accordingly, the Magistrate Judge believes that Rule 4(m) requires a dismissal of the case without prejudice as to this Defendant.[1]

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends the complaint as to the Defendant Blanton be DISMISSED without prejudice for failure to comply with Rule 4(m).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 26th day of November, 2013.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

---

[1] Although the dismissal may be without prejudice the Tennessee one-year statute of limitations may prevent the refiling of a new suit against this Defendant.